UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA MASANGCAY,<br><br>Plaintiff,<br><br>v.<br><br>WAYNE B. RICHARDSON, and all tenants, subtenants, named claimants and other occupants of the premises,<br><br>Defendants. | No. 2:16-cv-01934-KJM-DB<br><br><br>ORDER |

On August 16, 2016, pro se defendant Wayne B. Richardson removed this unlawful detainer action from San Joaquin County Superior Court, and moved to proceed in forma pauperis. ECF Nos. 1, 2. As explained below, the court REMANDS the case to the San Joaquin County Superior Court and DENIES the motion to proceed in forma pauperis.

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A federal district court may remand a case *sua sponte* where a defendant has not established federal jurisdiction. *See Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing

1  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). "If at any time before final
2  judgment it appears that the district court lacks subject matter jurisdiction, the case shall be
3  remanded." 28 U.S.C. § 1447(c).

4    Here, the court finds the case should be remanded to the San Joaquin County
5  Superior Court. The form complaint filed in the state court is for unlawful detainer only. ECF
6  No. 1. Defendant grounds the removal on the court's federal question jurisdiction, arguing that
7  "[f]ederal question exists because [d]efendant's Answer, a pleading[,] depend [sic] on the
8  determination of [d]efendant's rights and [p]laintiff's duties under federal law." *Id.* at 3.
9  However, plaintiff is the master of the complaint and may "avoid federal jurisdiction by pleading
10 solely state-law claims." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005).
11 Defendant has not shown any federal question arises from plaintiff's complaint. Defendant's
12 assertion is best characterized as a defense or a potential counterclaim, neither of which can be
13 considered in evaluating whether federal question jurisdiction exists. *Vaden v. Discover Bank*,
14 556 U.S. 49, 50 (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated
15 counterclaim"); *Valles*, 410 F.3d at 1075 ("A federal law defense to a state-law claim does not
16 confer jurisdiction on a federal court, even if the defense is that of federal preemption and is
17 anticipated in the plaintiff's complaint."); *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145
18 F.3d 320, 326–27 (5th Cir. 1998); *Takeda v. Nw. Nat'l Life Ins Co.*, 765 F.2d 815, 822 (9th Cir.
19 1985).

20   Accordingly, because plaintiff's unlawful detainer complaint does not provide a
21 basis for federal question jurisdiction, and defendant's answer cannot provide the basis for
22 removal jurisdiction here, this court cannot exercise subject matter jurisdiction over plaintiff's
23 single state-law claim for unlawful detainer. This case is REMANDED to San Joaquin County
24 Superior Court.

25   IT IS SO ORDERED.
26 DATED: August 22, 2016

UNITED STATES DISTRICT JUDGE

2